Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2389 | **DATE** | 7/11/2003 |
| **CASE TITLE** | Frank Kutzler vs. Thor Industries, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Thor's motion to dismiss portions of Count I is granted as to paragraph 13bb, and is otherwise denied [doc. # 6]. Thor's motion to strike portions of Count I, and for a more definite statement of the allegations in Count I is denied [doc. # 5]. Defendant's motion to dismiss Counts II and III is granted [doc. # 6]. Thor shall answer Count 1 by 07/31/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 14 2003 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/11/2003 | |
| | JJK courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | JJK mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK KUTZLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 C 2389 |
| vs. ) | |
| ) | Magistrate Judge Schenkier |
| THOR INDUSTRIES INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Frank Kutzler ("Kutzler"), has brought a three count complaint against Thor Industries Inc. ("Thor") under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* ("Act" or "MMWA"). In Counts I and II, Mr. Kutzler claims breach of the manufacturer's limited written warranty, and the implied warranty of merchantability. In Count III, Mr. Kutzler seeks revocation of acceptance pursuant to Section 2310(d) of the Act.

Presently before the Court are two motions filed by Thor. *First*, Thor has moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Count I in part, and Counts II and III in their entirety (doc. # 6). Thor also has moved, pursuant to Rule 12(f), to strike certain allegations in Count I and, pursuant to Rule 12(e), for a more definite statement of certain allegations in Count I that Thor does not seek to dismiss or strike (doc. # 5). Pursuant to the consent of the parties and 28 U.S.C. § 636(c), the case has been assigned to this Court for all proceedings, including the entry of final judgment (doc. ## 8-10). For the reasons that follow, the motion to dismiss is denied in part and granted in part as to Count I; the motion to strike and for more definite statement as to Count I is denied; and the motion to dismiss is granted as to Counts II and III.



**I.**

The purpose of a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6) is to test the sufficiency of the complaint, and not to decide the case on the merits. *See Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). For purposes of reviewing the motion, we must take all the plaintiff's well-pled allegations as true. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The court must also view the plaintiff's allegations in the light most favorable to the plaintiff; the plaintiff is entitled to all reasonable inferences that can be drawn therefrom. *Ellsworth v. Racine*, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986). "The issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Triad Assocs. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1990). The relevant allegations of the complaint, which we take as true for purposes of ruling on this motion, are as follows.

**II.**

On August 28, 2002 Mr. Kutzler purchased from Bernard Chevrolet ("Bernard") a motor home (the "Fun Mover") manufactured by Thor. The total cost of the Fun Mover, including registration charges, documentation fees, sales tax and other collateral charges, such as bank and finance charges, totaled more than $402,264.80 (Compl. ¶ 6). At the time of the purchase, Mr. Kutzler was provided with a 24 month / 24,000 mile, limited written warranty issued by Thor for the Fun Mover (Compl. ¶ 8). The Thor limited written warranty expressly disclaimed coverage for certain items covered by other warranties: (a) the automotive chassis, including the engine, tires, batteries and optional automotive equipment and, (b) components such as the range, oven,

refrigerator, furnace, air conditioner, water heater, television, VCR, radio, awning and generator (*see*

Thor's Mem., Ex. 2).[1]

Shortly after the purchase, Mr. Kutzler began to notice a variety of defects in the Fun Mover:

a) Defective electrical system
b) Defective interior trim
c) Defective exterior trim
d) Defective brakes
e) Defective auxiliary battery box
f) Defective license plate
g) Defective rear clearance light
h) Defective hood
i) Defective wiring and driving lights
j) Defective step
k) Defective seatbelt
l) Defective back up camera
m) Defective filler panel
n) Defective harness
o) Defective water tank
p) Defective front hub cap
q) Defective steering/suspension
r) Defective water pump
s) Defective shower
t) Defective plumbing
u) Defective furnace
v) Defective generator
w) Defective door
x) Defective bumper
y) Defective kitchen sink
z) Defective engine
aa) Defective transmission.

Mr. Kutzler alleges that he took the Fun Mover to one of the Thor's authorized dealerships on numerous occasions for repair, and that Thor – through his authorized dealerships – failed to cure

---

[1] The plaintiff does not attach the Thor limited written warranty to the complaint, but does refer to that warranty and claims that it has been breached (*see, e.g.,* Compl. ¶¶ 8, 10, 15, 24, 28-32). Thus, we properly may consider the copy of that warranty submitted by Thor with its brief, without converting the motion to dismiss to a motion for summary judgment. *Venture Assoc. Corp. v. Zenith Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim").

3

the defects despite having sufficient opportunities to do so (Compl. ¶ 14). According to Mr. Kutzler, the failure to cure the defects has caused him to lose confidence in the safety and reliability of the Fun Mover, and has substantially impaired its value (Compl. ¶ 16).

On March 13, 2003, Mr. Kutzler sent a letter to Thor revoking acceptance of the Fun Mover (Compl. ¶ 18 and Ex. B). Thor refused the Mr. Kutzler's demand for revocation of acceptance (Compl. ¶ 20). Mr. Kutzler is currently in possession of the Fun Mover and claims that it remains in a defective and unmerchantable condition that substantially impairs its use and value (Compl. ¶ 21).

### III.

We begin with Thor's three-part attack on Count I, the written warranty claim. *First*, Thor moves to dismiss Count I insofar as it asserts breaches of warranty based on the defects alleged in Paragraphs 13d, e, f, h, i, l, p, q, r, u, v, x, z, aa, and bb of the complaint. *Second*, Thor moves to strike those same allegations. *Third*, Thor moves for a more definite statement of the defects alleged in Paragraphs 13a, c, g, k, m, n, o, which are not the target of either the motion to dismiss or to strike. We address Thor's three challenges in Count I in turn.[2]

### A.

Thor argues that Count I fails to state a claim insofar as it is based on the existence of alleged defects in parts that, in any event, and not covered under Thor's limited written warranty: specifically, Paragraphs 13d, e, f, h, i, l, p, q, r, u, v, x, z, aa, and bb. Thor's claim is that the parts

---

[2]We note that Thor does not challenge in any way Count I insofar as it is based on the defects alleged in Paragraphs 13 b, j, s, t, w, and y.

4

at issue in these allegations are excluded from coverage because they are chassis components or components covered by separate manufacturer's warranties.

The complaint, of course, alleges that the defects enumerated in Paragraph 13 "violate [Thor's] warranty" (Compl. ¶ 10), and thus that the parts afflicted with those defects are not excluded from coverage. On a motion to dismiss, we must accept that allegation as true, *Lucien*, 967 F.2d at 1168 – unless a document attached to the complaint (or, as here, that the plaintiff relies on in the complaint and that the defendant then supplies on motion to dismiss) undermines that allegation. *See, e.g., Thomson v. Illinois Dept. of Prof'l Regulation*, 300 F.3d 750, 758 (7th Cir. 2002). That is what Thor argues here.

"Since express warranties are contractual in nature, the language of the warranty itself is what controls and dictates the obligations and rights of the various parties." *Hasek v. DaimlerChrysler Corp.*, 745 N.E.2d 627, 634 (Ill. App. Ct. 1st Dist. 2001). Plainly, Thor's limited written warranty does not cover everything that can go wrong with the Fun Mover. However, laying the allegations side by side with the limited written warranty does not allow the Court to tell whether the defects attached in the motion to dismiss fall inside or outside of the provisions of that warranty. We will allow the parties to sort out through the discovery process matters such as the precise nature of the defects, and the existence *vel non* of "separate manufacturer's warranties" referred to in Thor's limited written warranty. Accordingly, the Court denies the motion to dismiss Count I as to the allegations in Paragraphs 13d, e, f, h, i, l, p, q, r, u, v, x, z, and aa.

The allegations in Paragraph 13bb presents a different matter. That paragraph does not allege a defect, but rather declares an intent to seek to amend the complaint to add allegations of further defects if any came to light. Because that allegation does not allege a defect, it cannot be the basis

of a breach of warranty claim. Thus, we grant Thor's motion to dismiss Count I insofar as it purports to be based on Paragraph 13bb – and we accordingly strike that allegation from Counts II and III, which incorporate it by reference (*see* Compl. ¶¶ 34, 43).[3]

**B.**

We now turn to Thor's motion to strike. When considering a motion to strike, the Court must consider the allegations in the complaint to be true, and must view the allegations – along with reasonable inferences to be drawn from them – in the light most favorable to the plaintiff. *Safe Bed Technologies Co. v. KCI USA, Inc.*, No. 02 C 0097, 2003 WL 21183948, at *2 (N.D. Ill. May 20, 2003). Generally, motions to strike are disfavored, *Tatum v. Davis*, 1996 WL 388405 at *1 (N.D. Ill. July 9, 1996), and are infrequently granted. *Credit General Ins. Co. v. Midwest Indem. Corp.* 916 F. Supp. 766, 771 (N.D. Ill. 1996) (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1380 (2d ed. 1990)). "A motion to strike must state with particularity the grounds therefor and set forth the nature of relief or type of order sought." *Id.* Typically, unnecessary evidentiary details in a pleading will not be stricken. *Credit General*, 916 F. Supp. 771. In moving to strike matters as irrelevant, a movant must clearly show that the matter is outside the issues in the case and is prejudicial. *Id. Cumis Ins. Soc'y Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997); *Trust Mark Life Ins. Co. v. Univ. of Chicago Hosps.*, No. 94 C 4692, 1996 WL 68009 at *1 (N.D. Ill. Feb. 14, 1996).

Thor's motion to strike challenges the very same allegations that Thor challenges in the motion to dismiss: Paragraphs 13d, e, f, h, i, l, p, q, r, u, v, x, z, aa, and bb. Given that we granted

---

[3] In light of our resolution of the motion to dismiss Count I, the Court does not address the argument raised by Mr. Kutzler that the warranty "disclaimers are ineffective for lack of disclosure" (Kutzler Mem. at 5).

Thor's motion to dismiss as to Paragraph 13bb, the motion to strike is moot. As to the other subparts of Paragraph 13 that Thor seeks to strike, Thor's only argument is to reassert the same argument that Thor raised in support of its motion to dismiss these allegations from Count I. That argument was not successful as a basis to dismiss those allegations from Count I, and fares no better when reasserted as a basis to strike these allegations. Accordingly, the Court denies Thor's motion to strike.

## C.

Finally, as to some – but not all – of the allegations in Paragraph 13, Thor seeks a more definite statement. Under Fed. R. Civ. P. 8(a)(2), complaints need not plead facts. The purpose of Rule 8(a) is to give the defendant fair notice of the plaintiff's claim and the grounds on which it rests. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). "[T]he development of legal theories and the correlation of facts to theory come later in the process." *Int'l Marketing, Ltd. v. Archer Daniels Midland Co., Inc.*, 192 F.3d 724, 733 (7th Cir. 1999).

When a complaint is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, courts can order a more definite statement. Under Fed. R. Civ. P. 12(e), *Bowers v. Crystal Valley, R. V.*, No. 95 C 7527, 1996 WL 169415, at *1 (N.D. ILL. 1996). However, Rule 12(e) motions are generally disfavored, and are not intended to substitute for discovery. *U.S. For the Use of Argyle Cut Stone Co., Inc. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987). Under Rule 12(e) the standard for granting a motion for a more definite statement is whether the complaint is so vague that a party cannot reasonably be required to frame a responsive pleading. *McDougal v. Donovan*, 552 F. Supp. 1206, 1208 (N.D. Ill. 1982). "The class

7

of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small - the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, but it must be so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." WRIGHT & MILLER, *Supra*, § 1376 at 577-78.

This case does not fit into that "small class of pleadings" where granting a Rule 12(e) motion is appropriate. It is clear that Mr. Kutzler is bringing a written warranty claim against one defendant – Thor. It is also clear what written warranty Mr. Kutzler has placed in issue – indeed, Thor was able to identify that warranty and submit a copy with the motions it has filed. We believe Mr. Kutzler has alleged the defects with enough specificity to give Thor notice of the claims against it, and to allow Thor to frame an answer. Like the court in *Paschen*, we "do not want to conduct discovery via the pleading stage." 664 F. Supp. at 303; *see also Gelco Corp. v. Duval Motors, Inc.*, No. 02 C 5613, 2002 WL 31875537 at *8 (N.D. Ill Dec. 24, 2002) (a motion for a more definite statement should not be used "as a substitute for the discovery and deposition procedures made available by the Federal Rules of Civil Procedure") (citations omitted).[4] The motion for a more definite statement is denied.

## IV.

In Count II, Mr. Kutzler seeks to recover damages for Thor's alleged breach of an implied warranty of merchantability under the Act. *See* 15 U.S.C. § 2310(d) (authorizing a prevailing

---

[4]The only case Thor cited in support of its motion for a more definite statement is *Bowers v. Crystal Valley, R.V.*, No. 95 C 7527, 1996 WL 169415 (N.D. Ill. Apr. 9, 1996). In that case, the district judge held that a more definite statement was required where the complaint failed to clarify which of the several defendants was responsible for specific alleged defects, or which warranties applied to certain defects. By contrast, in this case there is one defendant and one written warranty involving that defendant.

plaintiff to recover damages, as well as reasonable attorneys' fees and costs, for the "failure . . . to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract . . ."). Thor seeks to dismiss the implied warranty claim on the ground that there is no privity of contract between Mr. Kutzler and Thor, since Mr. Kutzler bought the Fun Mover directly from Bernard and not from Thor, which was the manufacturer but not the retailer. Mr. Kutzler urges that privity is not required for his implied warranty claim, and that even if it is, he has sufficiently alleged a basis for it.

Under the Act, an implied warranty is defined as "an implied warranty arising under State law (as modified by sections 2308 and 2304(a) of this title) in connection with the sale by a supplier of a consumer product." 15 U.S.C. § 2301(7). The parties here agree that the relevant state law is that of Illinois, and so at the threshold we look to what is necessary to create an implied warranty under Illinois law. The parties also agree that the answer to this question may be found in the Illinois Supreme Court decisions in *Rothe v. Maloney Cadillac, Inc.*, 518 N.E.2d 1028 (Ill. 1988), and *Szajna v. General Motors Corp.*, 503 N.E.2d 760 (Ill. 1986) – but disagree as to what portions of those decisions supply the correct answer.

In *Szajna*, the court considered a complaint for economic loss damages brought by the purchaser of an automobile against a manufacturer which was not the direct seller of the vehicle. The plaintiff asserted, among other things, claims of breach of implied warranty under Illinois law and under the Act. After extended discussion, the court reaffirmed the applicability of the "privity requirement in implied-warranty economic-loss cases." 503 N.E.2d at 767. The Illinois Supreme Court reaffirmed that holding two years later in *Rothe*, holding that an implied warranty claim for economic loss failed to state a claim under Illinois law where there was no buyer-seller relationship

9

between the plaintiff who had purchased the vehicle and the defendant who had manufactured it. 518 N.E.2d at 1029-30.

Thor focuses its argument on these portions of *Szajna* and *Rothe*, and with good reason. Without more, these holdings in *Szajna* and *Rothe* would appear to make it plain that privity is required for Mr. Kutzler to state a claim for breach of implied warranty claim under the Act: the Act says that "implied warranty" is defined by state law, and the Illinois Supreme Court has squarely held that privity is required for an implied warranty in an economic loss case. However, what somewhat complicates this straightforward analysis is that the Illinois Supreme Court went farther in each of those cases, and held that – unlike the case under Illinois law – at least where the non-selling manufacturer provides an express warranty, privity is not required under the Act to create an implied warranty that will support a claim for economic loss damages. *Szajna*, 503 N.E.2d at 768-770; *Rothe*, 518 N.E.2d at 1030-31. Mr. Kutzler understandably hangs his hat on these portions of *Szajna* and *Rothe*.

In assessing the impact of *Szajna* and *Rothe* on the issue presented here, we begin with the proposition that this Court is bound to follow the Illinois Supreme Court's interpretation of Illinois law, *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 442 (7th Cir. 1994), we are not obliged to follow the Illinois Supreme Court's interpretation of federal law, *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Thus, we must accept the Illinois Supreme Court's holding that privity is required in order for a plaintiff to assert an implied warranty claim for economic loss. However, we are not bound by the Illinois Supreme Court's assessment of whether privity is required to assert an implied warranty claim for economic loss under the Act, and thus will be guided by that assessment only to the extent we deem it persuasive.

10

The overwhelming weight of authority in this district has rejected the *Szajna* and *Rothe* analysis of the Act, and has held that privity is required under the Act, just as under Illinois law, in order to state an implied warranty claim for economic loss. *See, e.g., Diamond v. Porsche Cars North America, Inc.*, No. 02 C 414, 2002 WL 31155064 (N.D. Ill. Sept. 26, 2002); *Kowalke v. Bernard Chevrolet, Inc.*, No. 99 C 7980, 2000 WL 656660 (N.D. Ill. Mar. 23, 2000); *Larry J. Soldinger Assocs., Inc. v. Aston Martin Lagonda of North America, Inc.*, No. 97 C 7792, 1999 WL 756174 (N.D. Ill. Sept. 13, 1999). In *Soldinger*, the district court carefully analyzed the statutory language as well as the analysis of the Illinois Supreme Court, and persuasively explained why the privity requirement should not be eliminated under the Act if it is required for an Illinois law implied warranty claim. 1999 WL 756174, at *7-10. We see no need to repeat the thorough analysis of the *Soldinger* court; we adopt it here without modification.[5] Accordingly, we hold that privity is required for Mr. Kutzler to assert his implied warranty claim against Thor in this case.

Finally, we consider Mr. Kutzler's arguments that he has sufficiently alleged privity. *First*, Mr. Kutzler argues that Thor's advertising campaign for the Fun Mover is sufficient to create privity (Kutzler Mem. at 10-11). But, the complaint alleges nothing about Thor's "advertising campaign" for the Fun Mover, or its scope. Moreover, the plaintiff offers nothing to show that Illinois law would allow the privity requirement, which the Illinois Supreme Court only recently refused to eliminate in implied warranty cases, to be met merely by proof of an advertising campaign. For the

---

[5]The plaintiff does not discuss *Soldinger* or the other cases from this district that have declined to follow the Illinois Supreme Court's interpretation of the Act. Rather, the plaintiff cites to one court within this district that has followed the Illinois Supreme Court's interpretation of this federal law question: *Cohen v. AM General Corp.*, No. 02 C 5327, 2003 WL 1203613 (N.D. Ill. Mar. 11, 2003). However, in *Cohen*, the parties had not specifically briefed the implied warranty question, and the court cited *Szajna* without analysis and without citation to or discussion of the cases within this district – and from other courts – that have reached a contrary conclusion. 2003 WL 1203613, at *4. In these circumstances, we do not find *Cohen* to be persuasive authority for the position urged by the plaintiff.

11

many manufacturers who do not sell directly but who well may advertise, the rule urged by Mr. Kutzler would accomplish indirectly what the Illinois Supreme Court has refused to do directly – eliminate the privity requirement in implied warranty cases.

*Second*, the plaintiff argues that he has sufficiently alleged privity under "general agency principles" (Kutzler Mem. at 11). However, the plaintiff does not allege the parameters of this alleged agency relationship between Thor and Bernard, which sold the Fun Mover to Mr. Kutzler, and acknowledges that there is "no established authority on this issue" (*Id.*). In the absence of such authority, we decline to hold that Illinois law would recognize "general agency principles" as sufficient to supply privity between a purchaser and a non-selling manufacturer, as again such a rule would constitute an end run around the privity requirement that the Illinois Supreme Court recently has reaffirmed.

Accordingly, Thor's motion to dismiss Count II is granted.

## V.

In Count III, Mr. Kutzler asserts a claim for revocation of acceptance under 15 U.S.C. § 2310(d). Thor argues that Mr. Kutzler cannot state a cognizable claim for revocation against a non-selling manufacturer. For the reasons that follow, we agree.

As discussed above, Section 2310(d) authorizes a consumer who is damaged by the failure to comply with a written or implied warranty to sue for damages and other legal and equitable relief Here, while the Court has dismissed Mr. Kutzler's implied warranty claim, his written limited warranty claim survives and provides a basis for Mr. Kutzler to invoke Section 2310(d). However, that section does not create remedies, but instead provides a jurisdictional basis for "an aggrieved customer [to] sue on state-law claims in federal court, whether or not the parties are of diverse

12

citizenship." *Gardnyski-Leschuck*, 142 F.3d 955, 956 (7th Cir. 1998). Thus, in order to determine whether revocation is an available remedy when, as here, an aggrieved customer sues a non-selling manufacturer, we must consult Illinois law.

We begin our analysis by considering Section 2-608 of the Uniform Commercial Code, codified in Illinois at 810 ILCS 5/2-608, which provides as follows:

> Revocation of Acceptance in Whole or in Part. (1) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him is he has accepted it
>
> (a) on the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or
>
> (b) without discovery of such non-conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance *or by the seller's assurances.*
>
> (2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovery the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective *until the buyer notifies the seller of it.*
>
> (3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

(Emphasis added). The language of Section 2-608 on its face contemplates that the remedy of revocation would be available against the seller, and not against a non-seller who manufactured the goods.

Unfortunately, the parties have not cited – and our research has not located – any Illinois state law decisions that reveal whether the Illinois courts have applied the language of Section 2-608 as written. Two courts within this district have addressed the question, reaching different results. *Compare Soldinger*, 1999 WL 756174, at *10-11 (denying defendant's motion for summary

13

judgment on a claim for revocation asserted against a non-selling manufacturer) *and Kozon v. Volvo*, No. 97 C 7768 (N.D. Ill. Mar. 13, 1998) (unpublished order) (dismissing a claim for revocation against a non-selling manufacturer). Cases from other jurisdictions are split on this issue.[6]

We find the analysis of the Virginia Supreme Court in *Gasque v. Mooers Motor Car Co., Inc.*, 313 S.E.2d 384 (Va. 1984), to be instructive. In that case, the court found that the remedy of revocation of acceptance provided by Section 2-608 of the UCC is unavailable against a non-selling manufacturer. The court explained that when applicable, the remedy of revocation "cancels a contract of sale, restores title to and possession of the goods to the seller, restores the purchase price to the buyer, and as fairly as possible, returns the contracting parties to the *status quo ante*." *Id.* at 390. The Virginia Supreme Court reasoned that because the remote manufacturer is not involved in the sale transaction, it should have no involvement in the unwinding of that transaction that is the purpose of the remedy of revocation. *Id.* Thus, the court held that "the remedy of revocation of acceptance under . . . [Section 2-608] is conceptually inapplicable to any persons other than the parties to the contract of sale sought to be rescinded." *Id.*

---

[6] Thor cites several cases in which a buyer was not allowed to assert a claim for revocation of acceptance against a non-selling manufacturer. *Hardy v. Winnebago Industries, Inc.*, 706 A.2d 1086 (Md. Ct. Spec. App. 1998) (revocation of acceptance is only available against an immediate seller, not a remote manufacturer); *Henderson v. Chrysler Corp.*, 477 N.W.2d 505 (Mich. Ct. App. 1991), *app. den'd*, 485 N.W.2d 501; *Gasque v. Mooers Motor Car Co.*, 313 S.E. 2d 384 (Va. 1984) (revocation of acceptance cannot be sought from a non-selling manufacturer); *Noice v. Paul's Marine & Camping Ctr. Inc.*, 451 N.E.2d 528 (Ohio Ct. App. 1982) (Section 2-608 of the UCC "creates a claim of relief against the seller of the goods but not the manufacturer"); *Royal Lincoln-Mercury Sales, Inc. v. Wallace*, 415 So.2d 1024 (Miss. 1982) (revocation is not available against a non-seller manufacturer).

For his part, Mr. Kutzler cites several cases where the courts have come to opposite conclusion regarding revocation of acceptance claims. *Durfee v. Rod Baxter Imports, Inc.*, 262 N.W.2d 349 (Minn. 1977) (a new car purchaser was allowed to revoke acceptance against the national distributor and recover the purchase price after numerous warranty repairs); *Volkswagen of America, Inc. v. Novak*, 418 So.2d 801 (Miss. 1982) (the purchasers of a new car revoked acceptance against the manufacturer that had extended a new car limited warranty at the time of the sale); *Ventura v. Ford Motor Corp.*, 433 A.2d 801 (N.J. Super. Ct. App. Div. 1981) (the Act allows a buyer to rescind the transaction and receive the return of the purchase price from the manufacturer without the need for privity).

*Gasque* offers a interpretation of Section 2-608 that comports with the language of that provision and with the underlying purpose of the remedy of revocation. Moreover, to the extent that this interpretation gives sway to the requirement of privity, that is consistent with Illinois law as recently reaffirmed by *Szajna* and *Rothe*, which hold that privity still has meaning in warranty cases.

We are not persuaded by Mr. Kutzler's arguments in favor of a contrary interpretation of Section 2-608. *First*, Mr. Kutzler urges that the Court adopt a liberal interpretation of the Act so as to effectuate its purposes. A fundamental problem with the argument is that the Act does not create a distinct remedial structure that supplants or adds to state law, but directs us to look to Illinois law to determine the available remedies under the Act. We are therefore not at liberty to recast Illinois law so as to adopt the plaintiff's preferred remedial scheme for the Act.

*Second*, Mr. Kutzler urges that the Court follow the line of cases that has interpreted Section 2-608 to permit a buyer to assert the remedy of revocation against a non-seller. We do not find those cases persuasive. As a preliminary matter, the cases upon which the plaintiff relies do not come to grips with the plain language of Section 2-608. Indeed, one of the cases conceded that the relevant UCC provisions "seem to require a buyer-seller relationship," but nonetheless allowed a claim of revocation to be asserted against a non-selling manufacturer, plainly moved by the fact that the direct seller was insolvent. *Durfee v. Rod Baxter Imports, Inc.*, 262 N.W.2d 349, 357 (Minn. 1978). Moreover, the cases cited by the plaintiff all employ an interpretation of Section 2-608 that disregards the privity requirement, which recent Illinois Supreme Court precedent strongly indicates that Illinois is not prepared to do. *Durfee, id.* ("[t]he lack of privity does not relieve [the non-selling manufacturer] of liability); *Ventura v. Ford Motor Corp.*, 433 A.2d 801, 811 (N.J. Super. App. Div. 1981) (applying strict liability in tort doctrine to eliminate a privity requirement for a party seeking

15

recovery for economic loss, which is an application of the strict liability doctrine that the Illinois Supreme Court rejected in *Szajna*); *Volkswagen of America, Inc. v. Novak*, 418 So.2d 801, 804 (Miss. 1982) (found that privity was not was not required in a revocation claim under the law of Mississippi, which by statute had eliminated the requirement of privity in warranty actions).

*Third,* Mr. Kutzler argues that this Court should follow the ruling from this district in *Soldinger* stating that a revocation claim may proceed against a non-selling manufacturer, rather than the contrary ruling from this district in *Kozon*. We decline to do so. The *Kozon* ruling cites the line of cases from other jurisdictions that this Court finds persuasive on the point. By contrast, *Soldinger* does not cite the case law from other jurisdictions on the question, but relies on two Illinois decisions - *Lytle v. Roto Lincoln Mercury & Subaru, Inc.*, 521 N.E.2d 201, 207 (Ill. App. Ct. 2d Dist. 1988); *Blankenship v. Northtown Ford, Inc.*, 420 N.E.2d 167, 171 (Ill. App. Ct. 4th Dist. 1981) for the proposition that "Illinois courts have recognized a claim for revocation of acceptance under the UCC where, as in this case, the plaintiff has no viable UCC breach of warranty claims." *Soldinger*, 1999 WL 756174, at *10. However, in both *Lytle* and *Blankenship*, the plaintiff was allowed to pursue revocation claims against *direct* sellers. Neither of those cases involved, or authorized, revocation claims against non-selling manufacturers.

Accordingly, Thor's motion to dismiss Count III is granted.

## CONCLUSION

For the reasons given above, Thor's motion to dismiss portions of Count I is granted as to Paragraph 13bb, and is otherwise denied (doc. # 6). Thor's motion to strike portions of Count I, and for a more definite statement of the allegations in Count I is denied (doc. # 5). Defendant's motion to dismiss Counts II and III is granted (doc. # 6). Thor shall answer Count I by July 31, 2003.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: July 11, 2003